IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LONNETTE D. BRUCE,<br><br>    Plaintiff,<br><br>v.<br><br>MCCALLA RAYMER LIEBERT PIERCE LLC; HOMEBRIDGE FINANCIAL SERVICES, INC.; CENLAR FSB; SHELLPOINT MORTGAGE SERVICES; NEW PENN FINANCIAL LLC d/b/a; TEN-X; JASON; NATIONWIDE TITLE CLEARING LLC.; PATRICK MCCABE; TIFFANY FLOYD; CYNTHIA ALBANO; DEPARTMENT OF HOUSING; and URBAN DEVELOPMENT; GINNIE MAE,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NO. 1:19-cv-1021-TCB |

**O R D E R**

This case comes before the Court on Plaintiff Lonnette Bruce's

motion for temporary restraining order, preliminary injunction, and

declaratory relief. There is no indication that Defendants have been served with the complaint. In addition, her motion for a TRO is not supported by anything other than Bruce's unverified complaint, which is not evidence.

Bruce asserts that Defendants are attempting to wrongfully foreclose on her property at 5498 Aucilla Creek Lane, Stone Mountain, GA 30087 and intend to sell the property today.[1] She asserts claims under 42 U.S.C. § 1983, the 14th Amendment, the Truth and Lending Act ("TILA"), the Real Estate Settlement Procedures Act ("RESPA"), the Georgia Fair Debt Collection Practices Act, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and the Securities Act of 1933.

Bruce's motion for a temporary restraining order will be denied.

"Before a court will grant a motion for a TRO, the moving party must establish that: (1) 'it has substantial likelihood of success on the merits,' (2) it will suffer irreparable injury if the relief is not granted, (3) the threatened injury outweighs the harm the relief may inflict on the

---

[1] Bruce filed this case, including the motion discussed in this order, late afternoon yesterday.

non-moving party, and (4) entry of relief 'would not be adverse to the public interest.'" *Turner v. Bank of Am.*, No. 1:12-cv-1228-RWS, 2012 WL 13014922, at *1 (N.D. Ga. May 17, 2012) (quoting *KH Outdoor, LLC v. City of Trussville*, 458 F.3d 1261, 1268 (11th Cir. 2006)).

Bruce has not showing a likelihood of success on the merits, which is the most important factor. *Id.*, at *1 (quoting *ABC Charters, Inc. v. Bronson*, 591 F. Supp. 2d 1272, 1294 (S.D. Fla. 2008).

First, injunctive relief is not available under TILA or RESPA. ("TILA does not 'confer upon private litigants an implied right to an injunction or other equitable relief.'" *Wells Fargo, N.A. v. Hankerson*, No. 1:12-cv-3866-RWS-ECS, 2013 WL 12383288, at *2 (N.D. Ga. May 28, 2013) (quoting *Christ v. Beneficial Corp.*, 547 F.3d 1292, 1298 (11th Cir. 2008); "RESPA provides for neither equitable nor injunctive relief, including relief from foreclosure." *Malally v. BAC Home Loan Servicing, LLC*, No. 3:10-cv-0074-JTC-JFK, 2010 WL 5140626, at *9 n.13 (N.D. Ga. Oct. 8, 2010)).

Even if injunctive relief were available under those statutes, Bruce admits that she is behind on her mortgage payments.

Next, Bruce alleges violations under 42 U.S.C. § 1983. "Section 1983 'is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes.'" *Webb v. U.S. Bank, N.A.*, No. 1:14-CV-1100-ELR-JFK, 2015 WL 11251448, at *6 (N.D. Ga. May 19, 2015) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). Section 1983 claims may not be brought against private Defendants, unless the entity was acting under color of state law. *Brandon v. Lockheed Martin Aeronautical Sys.*, 393 F. Supp. 2d 1341, 1354–55 (N.D. Ga. 2005). Bruce has not alleged that any of the Defendants were acting under color of state law; thus her § 1983 claim is not likely to succeed.

As to the claim under the Security Act of 1933, Bruce does not provide any guidance as to how the Securities Act applies to this case, point to specific provisions of the Act that were violated, or aver facts to state securities fraud claims. As such, she has not alleged enough facts to show that the claims are plausible and thus not shown a likelihood of success on the merits.

Next, RICO claims require heightened pleading; a plaintiff must state with particularity the circumstances constituting fraud or mistake. *Ellie v. AMF Holdings, LLC*, No. 1:15-cv-3916, 2016 WL 10520762, at *4 (N.D. Ga. Feb. 9, 2016). Bruce has failed to plead facts sufficient to establish underlying fraud to state a RICO claim. Thus, she is not likely to succeed on the merits.

As to Bruce's claim under the "Georgia Fair Debt Collection Practices Act", O.C.G.A. § 7-3-1 *et seq.*, Bruce's loan exceeds $3000, so that Act does not apply. *Morrison v. Bank of Am., N.A.*, No. 1:13-cv-1052-WSD, 2013 WL 6587657, at *5 n.9 (N.D. Ga. Dec. 16, 2013).

For the foregoing reasons, Bruce's motion for a temporary restraining order is denied. Because her complaint alleges a wrongful foreclosure of residential property, the Clerk is directed to refer this action to a Magistrate Judge pursuant to Standing Order 18-01.

IT IS SO ORDERED this 5th day of March, 2019.

_____
Timothy C. Batten, Sr.
United States District Judge